PER CURIAM:
Claimant brought this action for damage to her vehicle after it struck an object laying on U.S. Route 50 in Harrison County. Respondent was responsible at all times herein for the maintenance ofU.S. Route 50. The Court is of the opinion to deny this claim for the reasons stated more fully below.
The incident giving rise to this claim occurred mid-morning on April 10, 2002. Claimant was driving her 2001 Alero Oldsmobile on U.S. Route 50 between the Bridgeport Exit and Emily Drive. Claimant testified that she was in transit to Wal Mart when she heard something strike her vehicle. When she was ready to leave Wal Mart she noticed her tire was nearly flat. At the time she had her tire replaced, she determined that her vehicle had struck what appeared to be a welding rod on the road. Ms. Dolan also testified that the portion ofU.S. Route 50 where she was traveling was restricted by cones and barrels to one-lane of traffic and appeared to be a construction area. Claimant submitted into evidence a repair bill in the amount of $231.08.
Claimant contends that respondent knew or should have known that a welding rod was on the road and that it should have taken adequate measures to remove this hazard.
Respondent asserts that it had no notice of this welding rod on U.S. Route 50 and that it acted reasonably and diligently in this claim.
David Adams, transportation crew chief for respondent in Harrison County, testified that his office did not have anyone working at or near the location of this incident and he did not have any record of anyone such as a contractor performing work in that area. He also testified that a welding rod is not something that respondent normally uses on a job. Respondent also submitted into evidence *290 respondent’s daily work report for April 10, 2002, establishing that no work was performed on this area of U.S. Route 50.
It is well established that the respondent is neither an insurer nor a guarantor of the safety of motorists upon its roads. Adkins vs. Sims, 46 S.E.2d 81 (1947). This Court has consistently held that an award cannot be based on speculation. Perine v. Division of Highways, unpublished opinion issued December 10, 2991, CC-94-124; Mooney v. Department of Highways, 16 Ct. Cl. 84(1986).
After a review of the evidence, the Court finds that claimant failed to establish by sufficient evidence that the damage to her vehicle was the result of any negligence on the part of respondent. While sympathetic to the claimant’s position, the Court cannot speculate as to the nature or origin of the object that damaged the tire on claimant’s vehicle.
Thus, in view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.